IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-00251-01-CR-W-BCW |
| | ) | |
| BRIAN MICHAEL AALBERS, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER CONTINUING TRIAL

On November 15, 2023, a Criminal Complaint was filed against defendant Brian Michael Aalbers. On November 28, 2023, the Grand Jury returned a two-count Indictment charging defendant Aalbers with Attempted Production of Child Pornography (Count One) and Possession of Child Pornography (Count Two).

On May 1, 2024, defendant Aalbers filed a Motion for Continuance. The motion requests a continuance to the joint criminal jury trial docket commencing October 21, 2024. The motion states that a continuance is necessary to allow for both the production and the review of new discovery. Defendant Aalbers and government counsel have no objection to the requested continuance.

The Speedy Trial Act of 1974, as amended, mandates the commencement of the trial of a defendant within seventy days from the defendant's first appearance before a judicial officer of the court in which the charge is pending. In computing the seventy-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of

justice served by the taking of such action outweigh the best interests of the public and the defendant in a speedy trial, provided the Court sets forth the reasons for such finding. *See* 18 U.S.C. § 3161(h)(7)(A).

Given the issues outlined above, the Court finds that it would be unreasonable to expect defense counsel to prepare this case adequately for trial prior to October 21, 2024, and that failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation and, thus, would deny the defendant his right to effective assistance of counsel. The Court further finds the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial.

Based on the foregoing, it is

ORDERED that defendant Aalbers's Motion for Continuance (Doc. #25) is granted. This case is removed from the joint criminal jury trial docket which commences June 3, 2024, and set for trial on the joint criminal jury trial docket which commences October 21, 2024. It is further

ORDERED that, pursuant to 18 U.S.C. § 3161(h), the time between the date of this Order and November 1, 2024, the last day of the October 21, 2024 Joint Criminal Jury Trial Docket, shall be excluded in computing the time within which this trial must commence. It is further

ORDERED that a pretrial conference is set for October 1, 2024. The time of the conference will be provided in a subsequent notice of hearing.

*/s/ Lajuana M. Counts*
Lajuana M. Counts
United States Magistrate Judge