# UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA | § | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| | § | |
| v. | § | |
| | § | Case Number: **23-00251-01-CR-W-BCW** |
| **BRIAN MICHAEL AALBERS** | § | USM Number: **87274-510** |
| | § | **Gregory Nathaniel Watt** |
| | § | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s) 1s and 14s before U.S. Magistrate Judge on 10/15/24 which has been accepted by the Court.

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18 U.S.C. §§ 2251(a) and (e) Attempted Production of Child Pornography | 10/28/2023 | 1s |
| 18 U.S.C. §§ 2251(a) and (e) Attempted Production of Child Pornography | 05/14/2023 | 2s |
| 18 U.S.C. §§ 2251(a) and (e) Attempted Production of Child Pornography | 07/13/2023 | 3s |
| 18 U.S.C. §§ 2251(a) and (e) Attempted Production of Child Pornography | 06/02/2023 | 4s |
| 18 U.S.C. §§ 2251(a) and (e) Attempted Production of Child Pornography | 01/08/2021 | 5s |
| 18 U.S.C. §§ 2251(a) and (e) Attempted Production of Child Pornography | 08/27/2021 | 6s |
| 18 U.S.C. §§ 2251(a) and (e) Attempted Production of Child Pornography | 10/04/2020 | 7s |
| 18 U.S.C. §§ 2251(a) and (e) Attempted Production of Child Pornography | 11/14/2020 | 8s |
| 18 U.S.C. §§ 2251(a) and (e) Attempted Production of Child Pornography | 07/01/2023 | 9s |
| 18 U.S.C. §§ 2251(a) and (e) Attempted Production of Child Pornography | 07/14/2023 | 10s |
| 18 U.S.C. §§ 2251(a) and (e) Attempted Production of Child Pornography | 01/02/2021 | 11s |
| 18 U.S.C. §§ 2251(a) and (e) Attempted Production of Child Pornography | 04/16/2023 | 12s |
| 18 U.S.C. §§ 2251(a) and (e) Attempted Production of Child Pornography | 07/13/2024 | 13s |
| 18 U.S.C. §§ 2252(a)(4) and (b)(2) Possession of Child Pornography | 10/28/2023 | 14s |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☒ Count(s) 1 and 2   ☐ is   ☒ are dismissed on the motion of the United States

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**May 14, 2025**
Date of Imposition of Judgment

*/s/ Brian C. Wimes*
Signature of Judge

**Brian C. Wimes**
**UNITED STATES DISTRICT JUDGE**

**May 15, 2025**
Date

DEFENDANT:         BRIAN MICHAEL AALBERS
CASE NUMBER:       23-00251-01-CR-W-BCW

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**300 months on each of Counts 1s through 13s, and 120 months Count 14s, to be served concurrently, to produce a total term of 300 months.**

☒ The court makes the following recommendations to the Bureau of Prisons:
  Defendant be designated to a facility for participation in SOMP. Defendant be designated to a facility in Colorado.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____  ☐ a.m.  ☐ p.m.  on _____

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

DEFENDANT: BRIAN MICHAEL AALBERS
CASE NUMBER: 23-00251-01-CR-W-BCW

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **life on each count, the terms to run concurrently.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

DEFENDANT: BRIAN MICHAEL AALBERS
CASE NUMBER: 23-00251-01-CR-W-BCW

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.mow.uscourts.gov.

Defendant's Signature _____ Date _____

DEFENDANT:       BRIAN MICHAEL AALBERS
CASE NUMBER:     23-00251-01-CR-W-BCW

# SPECIAL CONDITIONS OF SUPERVISION

a) You shall submit your person and any property, house, residence, office, vehicle, papers, computer, other electronic communication or data storage devices or media and effects to a search conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; you shall warn any other residents that the premises may be subject to searches pursuant to this condition.

b) You shall successfully participate in any mental health counseling program as approved by the Probation Office, and pay any associated costs, as directed by the Probation Office.

c) You shall not enter any gambling establishment or engage in any type of gambling, including offshore or Internet gambling.

d) You shall not possess or use any computer or electronic device with access to any on-line computer service,' without the prior approval of the Probation Office. This includes any public or private computer network.

e) You shall consent to having installed any hardware or software systems on your computer(s), to monitor computer use. You shall pay any associated costs as directed by the Probation Office.

f) You shall not maintain or create a user account on any social networking site (i.e. Myspace, Facebook, Adultfriendfinder, etc.) that allows access to persons under the age of 18, or allows for the exchange of sexually explicit material, chat conservations, or instant messaging. You shall not view and/or access any web profile users under the age of 18.

g) You shall consent to third-party disclosure to any employer, or potential employer, concerning the history, characteristics, criminal background or any computer-related restrictions that have been imposed.

h) You shall consent to the United States Probation Office conducting periodic unannounced examinations of your computers or other electronic devices which may include retrieval and copying of all data from these devices. This also includes the removal of such devices, if necessary, for the purpose of conducting a more thorough inspection.

i) You shall not associate or have any contact with persons under the age of 18, except in the presence of a responsible adult who is aware of the nature of your background and current offense and who has been approved by the Probation Office.

j) You shall neither possess nor have under your control any matter that is pornographic/erotic; or that describes sexually explicit conduct, violence toward children or child pornography [as described in 18 U.S.C. 2256(2) and (8)], including photographs, images, books, writings, drawings, videos, and electronic material.

k) You shall successfully participate in a program of sex offender counseling, as directed by the Probation Office. You shall also pay any associated costs as directed by the Probation Office.

l) You shall successfully participate in a program of polygraph testing to assist in treatment and/or monitoring, as directed by the Probation Office. You shall also pay any associated costs as directed by the Probation Office.

m) You will not have contact with the victims in this case, to include any physical, visual, written, telephonic or electronic contact with such person/s. Additionally, you shall not directly or indirectly cause or encourage anyone else to have such contact with such persons.

n) Your place of residence may not be within 1,000 feet of schools, parks, playgrounds, public pools, or other locations frequented by children.

o) You are barred from places where minors (under the age of 18) congregate; such as residences, parks, pools, daycare centers, playgrounds and school, unless prior written consent is granted by the Probation Office.

p) You shall comply with all state and federal sex offender registration requirements.

DEFENDANT:         BRIAN MICHAEL AALBERS
CASE NUMBER:    23-00251-01-CR-W-BCW

## ACKNOWLEDGMENT OF CONDITIONS

I have read or have read the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.

I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision. I understand additional information regarding these conditions is available at the www.mow.uscourts.gov.

_____         _____
Defendant                                                                            Date

_____         _____
United States Probation Officer                                           Date

DEFENDANT: BRIAN MICHAEL AALBERS
CASE NUMBER: 23-00251-01-CR-W-BCW

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments page.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $1,400.00 | $9,524.63 | $.00 | Waived | Waived |

See separate restitution judgment.

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived for the ☒ restitution

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

☒ Special instructions regarding the payment of criminal monetary penalties:

**It is ordered that the Defendant shall pay to the United States a special assessment of $1,400.00 for Counts 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s, 10s, 11s, 12s, 13s and 14s , which shall be due immediately. Said special assessment shall be paid to the Clerk, U.S. District Court.**

**It is ordered that on Count 1, restitution of $9,524.63 is imposed. A lump sum payment of the full amount is ordered due immediately. If unable to pay the full amount immediately, while incarcerated, the defendant shall make quarterly payments of $25 or at least 10 percent of earnings, whichever is greater, and while on supervised release, monthly payments of $100 or 10 percent of gross income, whichever is greater, to commence 30 days after release from incarceration.**

**Notwithstanding any other provision of this order, the Government may enforce restitution at any time.**

**Pursuant to 18 U.S.C. 3612(g), the defendant may be subject to delinquent and default penalties.**

**The defendant shall notify, within 30 days, the Clerk of the Court and the United States Attorney's Office, Financial Litigation Unit, 400 East 9th Street, Room 5510, Kansas City, MO 64106 of:**

**1) any change of name, residence, or mailing address; and**
**2) any material change in economic circumstances that affects the ability to pay restitution.**

**All payments shall be made through the Clerk of the Court, United States District Court, 400 East 9th Street, Room 1150, Kansas City, MO 64106.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

**The preliminary order of forfeiture entered on November 4, 2024, is finalized and imposed.**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.